## UNITED STATES v. BOWRING & CO.

District Court, S. D. New York. August 11, 1926.

Shipping ⇐181(3)—If bunkers are available, notice of readiness to load cargo may be effectual, though there is absence of sufficient bunkers at time.

If bunkers are available and can readily be taken on board, vessel's notice of readiness to load her cargo may be effectual to commence running of lay days, even though there is absence of bunkers sufficient for needs of chartered voyage at time of giving notice.

Libel by the United States, as owner of the steamship Edgecombe, against Bowring & Co. On exceptions to interrogatories. Exceptions overruled.

Horace T. Atkins, Sp. Asst. Atty. Gen., for the United States.

Loomis & Ruebush, of New York City, for defendant.

KNOX, District Judge. The question as to whether the absence of bunkers sufficient for the needs of a chartered voyage, at the time a vessel gives notice of readiness to load her cargo, renders such notice a nullity, is one to be determined by attendant facts. If bunkers are available, and can readily be taken on board, the notice may be effectual to start the running of lay days. If, on the other hand, bunkers are not available, or it is necessary for the vessel to go to another port to obtain them, as was the case in Crow v. Myers (D. C.) 41 F. 806, I should be inclined to treat the notice of readiness to load as a nullity.

A somewhat similar rule seems to be applicable with respect to repairs that may be made after notice of readiness to load is given a charterer. If they are of a superficial nature, the notice may be binding. Bull v. U. S. Shipping Board (C. C. A.) 173 F. 46. If, however, they are structural, and required in order to fit the vessel for her contemplated voyage, the notice may be of no avail. Aktieselskabet Fido v. Lloyd Braziliero (C. C. A.) 283 F. 62.

The effect to be given to a notice of readiness to load must therefore await a disclosure of the facts concerning repairs and bunkers. The interrogatories to which exceptions have been filed are designed to elicit information upon which to base a conclusion on points of controversy in this suit, and I think they should be answered.

It is true that the fifteenth paragraph of the answer does not specifically plead the consideration for the agreement there alleged. Nevertheless, considering the averment that is made, together with the terms of the charter with respect to despatch money, it may be that the agreement can be supported.

For this reason, the exception to the defense will be overruled.